1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| CIXISHIHUALONGDIANZIYOUXIANGONGSI d/b/a TYKOR,<br><br>        Plaintiff,<br><br>v.<br><br>SEVEN SPARTA CORP.,<br><br>        Defendant. | Case No.: <u>2:25-cv-01313</u><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT, INVALIDITY, AND UNENFORCEABILITY AND FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND VIOLATIONS OF THE WASHINGTON PATENT TROLL PREVENTION ACT AND CONSUMER PROTECTION ACT**<br><br>**DEMAND FOR A JURY TRIAL** |

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

**COMPLAINT**

Plaintiff CIXISHIHUALONGDIANZIYOUXIANGONGSI, doing business as TYKOR ("TYKOR" or "Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint for Declaratory Judgment against Defendant SEVEN SPARTA CORP. ("Defendant" or "Seven Sparta"), and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action that seeks various forms of relief due to Defendant's bad faith assertions of patent infringement against Plaintiff.

2. This is an action for: (i) a declaratory judgment of patent invalidity of U.S. Design Patent No. D906,229 (the "'229 Patent" or the "Claimed Design"); (ii) a declaratory judgment of non-infringement of the '229 Patent, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, including Title 35 of the United States Code; and (iii) tortious interference with prospective economic advantage and/or contractual relationships. A true and correct copy of the '229 Patent is attached hereto as Exhibit 1.

3. This is also an action for a judgment that Defendant has violated Revised Code of Washington ("RCW") 19.350 et seq. (the Patent Troll Prevention Act) (the "PTPA") and RCW 19.86 et seq. (the Washington State Consumer Protection Act) (the "CPA") by making bad faith assertions of patent infringement.

4. Defendant has asserted baseless claims that the Non-Infringing Cup Holder Expander infringes the '229 Patent, which directly led to Amazon's wrongful removal of the Non-Infringing Cup Holder Expander listing—a car cup holder expander sold under the TYKOR brand, identified by ASIN B0C7SVNF9H (the "Non-Infringing Cup Holder Expander"). As a result, Plaintiff has

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

suffered significant commercial harm. Defendant's infringement allegations are without merit and unsupported by any reasonable analysis. Judgment is therefore also appropriately entered in Plaintiff's favor and against Defendant under the PTPA and the CPA.

## PARTIES

5.    Plaintiff CIXISHIHUALONGDIANZIYOUXIANGONGSI is a limited liability company organized under the laws of the People's Republic of China, with its principal place of business at No. 139, Henghe South River, Henghe Town, Cixi City, Zhejiang Province, China 315318.

6.    Upon information and belief, Defendant SEVEN SPARTA CORP. is a corporation organized under the laws of the United States, with its principal place of business at 800 East Campbell Road, Suite 199, Richardson, Texas 75081.

## JURISDICTION AND VENUE

7. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

8. This action also arises under the PTPA enacted by the State of Washington at RCW 19.350 et seq., prohibiting bad faith assertion of patent infringement, and RCW 19.86 et seq., the CPA.

9. This court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

10. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law PTPA, CPA, and other state claims alleged against Defendant, as those claims arise out of the same case or controversy as its declaratory judgment claim for which this Court has original

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

jurisdiction.

11. Further, Plaintiff has standing to bring this action under the Declaratory Judgment Act, 28 U.S.C. § 2201, because a real and immediate controversy exists between Plaintiff and Defendant. Defendant filed an patent infringement complaint with Amazon accusing Plaintiff of infringing the '229 Patent, which led to the removal of Plaintiff's key product listings. As a result, Plaintiff has suffered serious harm, including loss of sales, reputational damage, and disruption of its primary U.S. sales channel. These facts create a reasonable apprehension that Defendant will continue to take enforcement actions against Plaintiff. Declaratory relief is necessary to confirm that the Non-Infringing Cup Holder Expander does not infringe any valid claim of the '229 Patent and to require Defendant to retract its baseless Amazon complaint.

12. This Court has personal jurisdiction over Defendant because Defendant purposefully directed its conduct at Washington by initiating an patent infringement complaint with Amazon, which resulted in the removal of the Non-Infringing Cup Holder Expander listings. Plaintiff's claims arise directly from Defendant's use of the patent infringement complaint program to effectuate delisting through Amazon.com, whose principal place of business is located in this District.

13. As widely known, Amazon's principal place of business is in Seattle, Washington, and on information and belief, Amazon administers the patent infringement complaint program in whole or in part from its Seattle offices. By choosing to initiate the patent infringement complaint process through Amazon, Defendant agreed to litigate related matters in this District and should reasonably expect to face litigation in this district.

14. In addition, Defendant's improper patent infringement complaint submitted through

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 4 OF 27

Amazon wrongfully caused the removal of Plaintiff's Non-Infringing Cup Holder Expander, thereby unlawfully disrupting Plaintiff's ongoing and continuous commercial activities—specifically the marketing and sale of that product—within this District. Defendant's conduct was expressly aimed at this District, where Amazon is headquartered and where Plaintiff's sales activities were being carried out. As a result, Defendant's actions caused foreseeable harm to Plaintiff's business interests in this District. Accordingly, Defendant is subject to personal jurisdiction in this District.

15. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to this action occurred in this District and because Defendant is subject to personal jurisdiction here. In particular, Defendant's wrongful prosecution of the patent infringement complaint through Amazon, headquartered in Seattle, directly caused the harm at issue.

## **FACTUAL BACKGROUND**

### A.        **The '229 Patent**

16.    Defendant is the named applicant and current owner of U.S. Design Patent No. D906,229 (the "'229 Patent").

17.    The '229 Patent is entitled "VEHICLE CUP HOLDER EXPANDER." It was filed on July 13, 2020, and issued on December 29, 2020.

18.    The '229 Patent contains a single claim directed to the ornamental design of a vehicle cup holder expander. The claimed design is illustrated in the figures of the patent, representative views of which are reproduced below:

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560



| The '299 Patent - Perspective view | The '299 Patent - Top view |
| --- | --- |
| The '299 Patent - Bottom view | The '299 Patent - Front view |

19.    According to the publicly available records of the United States Patent and Trademark Office, the '229 Patent does not claim priority to any domestic or foreign application

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 6 OF 27

1    and is not a continuation of any prior filing. Its earliest effective filing date is July 13, 2020.

2        20.    Prior to that date, multiple products disclosing substantially similar and same

3    ornamental designs for vehicle cup holder expanders had already entered the marketplace and were

4    publicly available.

5        21.    For example, a product sold under Amazon ASIN B0752DZ1SB ( the "Swigzy

6    Product"), titled "Swigzy Car Cup Holder Expander Adapter Adjustable," was publicly listed and

7    reviewed on Amazon.com at least as early as August 22, 2017[1] —— almost three year before the

8    effective filing date of the '229 Patent. *See* Exhibit 2.



| ASIN B0752DZ1SB - Front view | ASIN B0752DZ1SB - Top view |

19        22.    A product sold under Amazon ASIN B07R7MDQL9 (the "Integral Product"),

20    titled "Integral Hydro Expander," was publicly listed and reviewed on Amazon.com at least as

---

[1]  See  https://www.amazon.com/Swigzy-Holder-Expander-Adapter-Adjustable/dp/B0752DZ1SB/ref=sr_1_1?dib=eyJ2IjoiMSJ9.
mYF35Xg8BR8ugk4utP7W5A.ZUng8eguNtbhZgzHIiMD-VP88JKD9S_ecrQ18JwrerI&dib_tag=se&keywords=B0752DZ1SB
&qid=1752313409&sr=8-1&th=1, last visit on July 12, 2025.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO  7  OF 27

1   early as June 11, 2019[2] —— more than one year before the effective filing date of the '229 Patent.

2   *See* Exhibit 3.



| ASIN B07R7MDQL9 - Front view | ASIN B07R7MDQL9 - Top view |

23.    A product sold under Amazon ASIN B07PMHPJJF, branded as "Seven Sparta,"
was publicly offered for sale on Amazon.com as early as March 13, 2019.[3] *See* Exhibit 4. The
listing storefront is identified as "Auto Off-roading," operated by TOPFIRE LIMITED. As shown
below, the product is visually identical to the design claimed in the '229 Patent. See also the image-
containing review under the ASIN B07PMHPJJF, attached hereto as Exhibit 5.

---

[2]  See  https://www.amazon.com/gp/customer-reviews/R35FB3N6YI6PLJ/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B07R7
MDQL9, last visit on July 12, 2025.
[3]  See  https://www.amazon.com/Expander-Organizer-Adjustable-Nalgenes-Ramblers/dp/B07PMHPJJF/ref=sr_1_1?dib=eyJ2Ijoi
MSJ9.Q3lJzfe_8dq4pbtlR6CP2Q.IBUnf3au1Wh_C9BaAW9i6mpS-CXqSgDGOm3HSI5RE_0&dib_tag=se&keywords=B07PM
HPJJF&qid=1752310628&sr=8-1&th=1, last visit on July 12, 2025.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 8 OF 27





| B07PMHPJJF - Perspective view | B07PMHPJJF - Top view |

24.    If this product was not sold by or on behalf of Defendant, then the '229 Patent merely copies a preexisting design that had already been introduced to the marketplace. The claimed design lacks originality and should never have been patented.

25.    If this product was sold by or on behalf of Defendant, then the commercial exploitation of the claimed design more than one year before the effective filing date triggers the on-sale bar under 35 U.S.C. § 102(b). Defendant's knowing failure to disclose such prior art, despite its awareness of the earlier public use, constitutes inequitable conduct. Defendant's pursuit of patent protection in the face of such prior disclosures reflects a deliberate and knowing abuse of the patent system.

**B.**    **Defendant's Bad-Faith Enforcement**

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 9 OF 27

26. On or about June 23, 2025, Defendant—identifying itself as "SEVEN SPARTA CORP." and using the email address TLEE@INHOUSECO.COM—submitted a design patent infringement complaint to Amazon (Complaint ID: 17972726021), alleging that the Non-Infringing Cup Holder Expander listed under ASIN B0C7SVNF9H infringed the '229 Patent. *See* Exhibit 6.

27. As a result of the complaint, on June 23, 2025, Amazon removed Plaintiff's listing from its platform. See Exhibit 6. Plaintiff's access to U.S. consumers was effectively terminated, and the takedown disrupted its commercial operations.

28. The Non-Infringing Cup Holder Expander has been unavailable on Amazon since the takedown and remains suppressed, causing commercial harm including lost sales, loss of visibility, and potential removal of unsold inventory under Amazon's fulfillment policies.

29. On information and belief, this is not the first time Defendant has engaged in bad-faith patent enforcement on Amazon. Defendant previously submitted repeated complaints on September 11, 2024, and September 14, 2024, alleging infringement of U.S. Design Patent No. D1,012,819 against the Non-Infringing Cup Holder Expander listed under ASINs B0C7SVNF9H, B0CQ1SK2MB, and B0C7SSRR5J. Those complaints also resulted in the temporary removal of Plaintiff's listings by Amazon. Although the listings were eventually reinstated following Plaintiff's successful appeals, the takedowns at the time caused significant disruption and commercial losses.

## COUNT I

## DECLARATORY JUDGMENT OF PATENT INVALIDITY AND UNENFORCEABILITY

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 10 OF 27

30. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

31. The '229 Patent is invalid for failing to comply with at least the conditions of patentability set forth in 35 U.S.C. § 102. Prior to its filing date, the claimed design had already been disclosed in multiple instances of prior art.

32. For example, the claimed design was anticipated by prior arts that was publicly disclosed and in commercial use in the United States more than one year before the patent's earliest effective filing date of July 13, 2020.

33. For example, the prior art includes, at a minimum, the "Swigzy Car Cup Holder Expander Adapter Adjustable," sold on Amazon.com under ASIN B0752DZ1SB, which was publicly available as early as August 22, 2017. *See* Exhibit 2.

34. The ASIN B0752DZ1SB design embodied in the Swigzy Product includes the same overall cylindrical structure, expandable base, surface grooves, and rim-mounted protrusions as claimed in the '229 Patent. A side-by-side comparison of the Swigzy Product and the figures of the '229 Patent reveals that the two designs are substantially identical.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

1
2
3
4
5
6
7
8



| ASIN B0752DZ1SB - Front view | The '299 Patent - Perspective view |
| ASIN B0752DZ1SB - Top view | The '299 Patent - Top view |

9
10
11
12
13
14
15
16
17
18

35.    For example, a product sold under Amazon ASIN B07R7MDQL9 (the "Integral

19

Product"), titled "Integral Hydro Expander," was publicly listed and reviewed on Amazon.com at

20
21
22
23
24

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 12 OF 27

least as early as June 11, 2019[4] —— more than one year before the effective filing date of the '229 Patent. *See* Exhibit 3.

36.    The ASIN B07R7MDQL9 design embodied in the Integral Product includes the same overall cylindrical structure, expandable base, surface grooves, and rim-mounted protrusions as claimed in the '229 Patent. A side-by-side comparison of the Integral Product and the figures of the '229 Patent reveals that the two designs are substantially identical.



| ASIN B07R7MDQL9 - Front view | The '299 Patent - Perspective view |

---

[4]  See  https://www.amazon.com/gp/customer-reviews/R35FB3N6YI6PLJ/ref=cm_cr_getr_d_rvw_ttl?ie=UTF8&ASIN=B07R7MDQL9,  last  visit  on  July  12,  2025.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560



| ASIN B07R7MDQL9 - Top view | The '299 Patent - Top view |

37.     Because the design claimed in the '229 Patent was publicly disclosed, described, and offered for sale in the United States before the filing date, it is anticipated under 35 U.S.C. § 102 and therefore invalid.

38.     Alternatively, to the extent there are any differences between the claimed design and the above prior art, such differences are minor and do not result in a distinctly different overall visual impression.

39.     For example, another product sold under Amazon ASIN B07PMHPJJF, branded as "Seven Sparta," was publicly offered for sale on Amazon.com as early as March 13, 2019. As shown below, the product is visually identical to the design claimed in the '229 Patent. *See* Exhibit 4.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 14 OF 27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24



| B07PMHPJJF - Perspective view | The '299 Patent - Perspective view |
| B07PMHPJJF - Top view | The '299 Patent - Top view |

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560



| B07PMHPJJF - Bottom view | The '299 Patent - Bottom view |

40.    Because this product was publicly disclosed in the United States more than one year before the effective filing date of the '229 Patent, and is identical in design, it anticipates the claimed design and renders the '229 Patent invalid under 35 U.S.C. § 102(b).

41. It is worth noting that the brand name "Seven Sparta" is identical to that of Defendant SEVEN SPARTA CORP. Given that the product sold under this brand is identical in design to what is claimed in the '229 Patent, there is a reasonable basis to infer that the Amazon listing for ASIN B07PMHPJJF was sold either by Defendant or by a closely affiliated entity. Defendant was aware of this prior art yet proceeded to seek patent protection for the same design. The commercial exploitation of the claimed design more than one year before the effective filing date triggers the on-sale bar under 35 U.S.C. § 102(b). Defendant's knowing failure to disclose such prior art, despite its awareness of the earlier public use, constitutes inequitable conduct. Defendant's pursuit

COMPLAINT FOR DECLARATORY JUDGMENT
CASE No.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE No 16 OF 27

of patent protection in the face of such prior disclosures reflects a deliberate and knowing abuse of the patent system.

42. The '229 Patent is also unenforceable due to Defendant's inequitable conduct before the United States Patent and Trademark Office, including the intentional failure to disclose material prior art with the intent to deceive the examiner.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

43.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

44.     Since the '229 Patent is invalid for failing to comply with at least the conditions of patentability set forth in 35 U.S.C. §§ 102 and 103, it is axiomatic that the Non-Infringing Cup Holder Expander does not infringe the '229 Patent. See *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 644 (2015) ("[A]n invalid patent cannot be infringed.").

45.     Moreover, even assuming arguendo that the '229 Patent is valid and enforceable, Plaintiff's Non-Infringing Cup Holder Expander does not infringe the claimed design under the "ordinary observer" test. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc).

46.     Where, as here, the design field is crowded and there exists substantial prior art— including ASIN B0752DZ1SB, B07R7MDQL9 and B07PMHPJJF —even minor differences between the accused product and the claimed design are likely to be significant to the ordinary observer. *See Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1344 (Fed. Cir. 2020).

47.     Plaintiff's Non-Infringing Cup Holder Expander, sold under ASIN B0C7SVNF9H,

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 17 OF 27

includes an earlier version (the "Earlier Version", published on July 21, 2023) and a later version (the "Later Version", published on January 6, 2024 ) .

48.    As shown in the side-by-side comparison below, Plaintiff's Earlier Version of the Non-Infringing Cup Holder Expander lacks at least one key features present in the claimed design of the '229 Patent. Specifically, it lacks the four trapezoidal rim-mounted protrusions required by the '229 Patent and instead has three rounded, semicircular protrusions on the rim.



| Earlier Version of the Non-Infringing Cup Holder Expander | The '299 Patent - Perspective view |
|---|---|

49.    As shown in the side-by-side comparison below, Plaintiff's Later Version of the Non-Infringing Cup Holder Expander lacks at multiple key features present in the claimed design of the '229 Patent:

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 18 OF 27

|  |  |
|:---:|:---:|
| Later Version of the Non-Infringing Cup Holder Expander | The '299 Patent - Perspective view |

(a) Rim-Mounted Protrusions

The Later Version of the Non-Infringing Cup Holder Expander lacks the four trapezoidal rim-mounted protrusions required by the '229 Patent and instead has three rounded, semicircular protrusions on the rim.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 19 OF 27



| Later Version of the Non-Infringing Cup Holder Expander | The '299 Patent - Front view |
|---|---|

(b) Upper Rim Contour (Position 1)

The '229 Patent depicts a prominent horizontal contour line near the top rim of the cup body, creating a segmented appearance between the rim and the main cylinder. The Later Version of the Non-Infringing Cup Holder Expander lacks this contour line and presents a smooth, uninterrupted upper profile. This difference results in a distinct overall silhouette.

(c) Surface Grooves (Position 2)

The Later Version of the Non-Infringing Cup Holder Expander includes multiple wide and deep vertical grooves on the outer surface of the cup body. These grooves are visually dominant and introduce segmented styling. The '229 Patent, in contrast,

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

depicts a smooth and continuous cylindrical surface without any such grooves, leading to a materially different visual impression.

(d) Peripheral Ring Structure (Position 3)

At the lower portion of the cup, the Later Version of the Non-Infringing Cup Holder Expander features a series of ribbed surface elements arranged in a ring around the circumference of the cup, without any protruding flange or elevation. By contrast, the '229 Patent includes a raised, narrow ring at the same location, with a smooth surface, which alters the bottom contour and creates a distinct visual segmentation.

(e) Base Clamp Module (Position 4)

The clamping modules at the bottom of the Later Version of the Non-Infringing Cup Holder Expander include three unevenly spaced vertical grooves and appear significantly thicker and more mechanical. In contrast, the '229 Patent shows slim modules with evenly spaced and minimal surface detail. The configuration and visual massing of the clamps in the Later Version of the Non-Infringing Cup Holder Expander alter the overall balance of the design.

(f) Front Opening Shape and Depth (Position 5)

The front cutout in the Later Version of the Non-Infringing Cup Holder Expander extends nearly the full height of the cup body and exposes inner recesses and surface transitions. By contrast, the '229 Patent shows a shallower, more refined cutout that terminates well above the base. The depth and interior visibility of the Later Version of the Non-Infringing Cup Holder Expander's opening significantly affect the overall visual character.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

50.     These differences are visually apparent and materially affect the overall visual impression. Accordingly, no ordinary observer familiar with the prior art would perceive the Non-Infringing Cup Holder Expander as substantially the same as the claimed design of the '229 Patent.

51.     Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, Plaintiff seeks a judicial declaration that the '229 Patent is not infringed by Plaintiff's Non-Infringing Cup Holder Expander.

## COUNT III

### Tortious Interference with Prospective Economic Advantage

52.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

53.     Plaintiff had a business relationship with Amazon.com pursuant to which Plaintiff was permitted to sell the Non-Infringing Cup Holder Expander on the Amazon.com platform.

54.     Plaintiff reasonably expected that it would continue selling the product on Amazon.com and that it would maintain its marketplace ranking, customer reviews, and business momentum.

55.     Defendant was aware of Plaintiff's business relationship with Amazon.com and of Plaintiff's expectation of continued sales.

56.     Defendant willfully, intentionally, and unjustifiably induced Amazon to terminate Plaintiff's expectancy of continued sales by submitting objectively false and bad faith patent infringement complaints, despite knowing that the '229 Patent is invalid and not infringed by the Non-Infringing Cup Holder Expander.

57.     As a direct result of Defendant's wrongful conduct, Plaintiff has been prevented

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

PAGE NO 22 OF 27

1  from selling the product on Amazon.com, has lost sales and customer goodwill, and has suffered

2  reputational harm to its seller profile.

3  ### COUNT IV

4  ### (Violation of Washington Patent Troll Prevention Act and Consumer Protection Act –

5  ### RCW 19.350 et seq. and RCW 19.86 et seq.)

6  58.     Plaintiff incorporates by reference and realleges all preceding paragraphs of this

7  Complaint as if fully set forth herein.

8  59.     Defendant has made bad faith assertions of patent infringement against Plaintiff by

9  filing a patent infringement complaint with Amazon alleging that the Non-Infringing Cup Holder

10 Expander infringes the '229 Patent.

11 60.     Defendant's complaint resulted in Amazon delisting Plaintiff's key product listings,

12 thereby causing substantial commercial harm, including loss of sales, reputational injury,

13 inventory disposal, and loss of access to Plaintiff's primary U.S. sales platform.

14 61.     Defendant's conduct constitutes a bad faith assertion of patent infringement in

15 violation of the Washington Patent Troll Prevention Act (RCW 19.350).

16 62.     On information and belief, this is not the first time Defendant has engaged in bad-

17 faith patent enforcement on Amazon. Defendant previously submitted repeated complaints on

18 September 11, 2024, and September 14, 2024, alleging infringement of U.S. Design Patent No.

19 D1,012,819 against the Non-Infringing Cup Holder Expander listed under ASINs B0C7SVNF9H,

20 B0CQ1SK2MB, and B0C7SSRR5J. Those complaints also resulted in the temporary removal of

21 Plaintiff's listings by Amazon. Although the listings were eventually reinstated following

22 Plaintiff's successful appeals, the takedowns at the time caused significant disruption and

23

24 COMPLAINT FOR DECLARATORY JUDGMENT
   CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

commercial losses.

63.    Defendant used its bad faith patent infringement complaint to cause the improper removal of Plaintiff's competing products from Amazon, and listed its own competing product to unfairly capture sales opportunities that rightfully belonged to Plaintiff.

64.    Defendant's violation of the PTPA also constitutes a violation of the Washington Consumer Protection Act which prohibits unfair or deceptive acts or practices in the conduct of trade or commerce. See RCW 19.350.030; RCW 19.86.090.

65.    Defendant's acts are unfair and deceptive business practices that threaten the public interest by undermining commercial trust, deterring innovation, and harming investment in lawful e-commerce and product development activities.

66.    Plaintiff has suffered actual injury as a result of Defendant's unlawful conduct and is entitled to relief under the PTPA and CPA, including actual damages, treble damages as permitted by law, reasonable attorneys' fees, and injunctive relief prohibiting Defendant from further asserting the '229 Patent in bad faith.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for the following relief:

a.        Damages, treble damages, and attorney fees pursuant to RCW 19.86.090 for Defendant's violation of the PTPA and CPA.

b.        A declaration that the '229 Patent is invalid and unenforceable;

c.        A declaration that the Non-Infringing Cup Holder Expander does not infringe any valid or enforceable claim of the '229 Patent;

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

d.    A judgment that Defendant has tortiously interfered with Plaintiff's prospective economic advantage;

e.    Ordering that Defendant shall immediately withdraw or revoke any complaints submitted to Amazon alleging infringement of the '229 Patent with respect to Plaintiff's Non-Infringing Cup Holder Expander;

f.    Granting preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with them from asserting or threatening to assert the '229 Patent against Plaintiff, including but not limited to any further notices or correspondence directed to Amazon or any third-party platform;

g.    Ordering Defendant to file with the Court, and serve on Plaintiff's counsel, within fourteen (14) days of the entry of such order, a written report under oath confirming compliance with any injunctive relief granted by this Court;

h.    Awarding Plaintiff damages or restitution sufficient to compensate for lost sales and revenue resulting from the delisting of its Non-Infringing Cup Holder Expander on Amazon, in an amount to be determined at trial;

i.    Awarding Plaintiff damages for losses arising from stranded inventory, storage fees, and inventory removal expenses caused by Amazon's delisting of the Non-Infringing Cup Holder Expander, in an amount to be determined at trial;

j.    Awarding Plaintiff damages for harm to goodwill, reputation, customer reviews, star ratings, and Amazon marketplace rankings associated with the delisted ASIN, in an amount to be determined at trial;

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

k.          A declaration that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

l.          Awarding Plaintiff enhanced damages based on Defendant's willful misconduct and the exceptional nature of this case, including double or treble damages pursuant to applicable law;

m.          Awarding Plaintiff compensatory, general and special, consequential, and incidental damages in an amount to be determined at trial;

n.          Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages where appropriate under applicable law;

o.          Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law;

p.          Such other and further relief as the Court may deem just and proper.


## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

COMPLAINT FOR DECLARATORY JUDGMENT
CASE NO.: 2:25-CV-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560

1

2      DATED:   July 14, 2025                    **SHM LAW FIRM**

3                                               By:  s/  _Jianwei Wang_

4                                               Jianwei Wang, Esq.

5                                               Washington State Bar No. 63131
                                                Alight Law P.C.
6                                               M: 4202 Meridian St
                                                Ste 105-313
7                                               Bellingham, WA 98226
                                                P:(650)468-0560
8                                               Email: andy.w@alightlaw.com

9

10

11                                              Hongchang Deng (admitted *pro hac vice*)
                                                Deng.hongchang@shm.law
12                                              SHM LAW FIRM
                                                25F, China Resources Tower
13                                              2666 Keyuan South Road, Nanshan
                                                Shenzhen, 518052, China
14                                              M: +8618681567690

15                                              *Attorney for Plaintiff*
                                                CIXISHIHUALONGDIANZIYOUXIANGONGSI
16                                              d/b/a TYKOR

17

18

19

20

21

22

23

24      COMPLAINT FOR DECLARATORY JUDGMENT
        CASE NO.: 2:25-cv-01313

ALIGHT LAW P.C.
4202 MERIDIAN ST
STE 105-313
BELLINGHAM, WA 98226
TELEPHONE: (650) 468-0560