UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CIXISHIHUALONGDIANZIYOUXIANGONGSI d/b/a TYKOR,<br><br>Plaintiff,<br><br>v.<br><br>SEVEN SPARTA CORP.,<br><br>Defendant. | CASE NO. 2:25-cv-01313-JHC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

# I
## INTRODUCTION

This matter comes before the Court on Plaintiff's Motion for Entry of Temporary Restraining Order. Dkt. # 6. The Court has reviewed the materials filed in support of the motion, the record, and the governing law. Being fully advised, and for the reasons below, the Court GRANTS the motion in part and DENIES it in part.

# II
## BACKGROUND

Plaintiff sells a vehicle cup holder expander under the TYKOR brand (TYKOR cup holder) on the Amazon.com marketplace. Dkt. # 6 at 1. Defendant is the named applicant and current owner of U.S. Design Patent No. D906,229 ('229 Patent), titled "VEHICLE CUP

HOLDER EXPANDER." It was filed on July 13, 2020, and issued on December 29, 2020. Dkt. # 1 at 5, ¶¶ 16–17. Around June 23, 2025, Defendant submitted a design patent infringement complaint to Amazon, alleging that the TYKOR cup holder infringed the '229 Patent. *Id.* at 10, ¶ 26. Consequently, Amazon removed the TYKOR cup holder's listing and terminated Plaintiff's access to U.S. consumers. *Id.* at 10, ¶ 27. Plaintiff's inventory of the TYKOR cup holder, valued at about $120,000, is scheduled for disposal on August 23, 2025. Dkt. ## 6-2 at 2; 6-10. Plaintiff's appeal of the patent infringement complaint with Amazon was unsuccessful. Dkt. # 6 at 18.

On July 14, 2025, Plaintiff filed a complaint against Defendant bringing claims asserting that the '229 Patent is invalid, that the TYKOR cup holder does not infringe the '229 Patent, tortious interference with prospective economic advantage, and claims under the Washington Patent Troll Prevention Act, RCW 19.350 *et seq.*, and the Washington Consumer Protection Act, RCW 19.86 *et seq.* Dkt. # 1. On July 18, 2025, Plaintiff moved for a temporary restraining order (TRO). Dkt. # 6.

## III
### Discussion

A TRO is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008); *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction). A plaintiff seeking a TRO must establish: (1) "that he is likely to succeed on the merits"; (2) "that he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "that the balance of equities tips in his favor"; and (4) "that an injunction is in the public interest." *Winter*, 555 U.S. at 20. Alternatively, a petitioner who shows only that

there are "serious questions going to the merits" can satisfy the *Winter* requirements by establishing that the "balance of hardships [] tips sharply towards the plaintiff" and that the remaining two *Winter* factors are met. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131–35 (9th Cir. 2011).

A.  Issuance Without Notice

Plaintiff satisfies the requirements of Federal Rule of Civil Procedure 65(b)(1) and Local Civil Rule 65(b)(1) for issuance of a TRO without notice to Defendant. First, Plaintiff asserts that an email address included in the Amazon patent infringement complaint is the only known contact information for Defendant. Dkt. ## 1-6 at 4; 6 at 21. Plaintiff also says that based on the Texas Secretary of State's office, Defendant's entity status is "Forfeited Existence," and Defendant forfeited its charter, certificate, and registration on February 21, 2025 after it failed to cure tax-related compliance deficiencies. Dkt. # 6 at 17 (citing Dkt. # 6-3). Plaintiff says that it sent Defendant a litigation notice and demand letter, a copy of the complaint, and its TRO motion with accompanying exhibits to the known email address. *Id.* at 21–22 (citing Dkt. ## 6-11; 6-12). Second, Plaintiff's inventory of the TYKOR cup holder, valued at about $120,000, is scheduled for disposal on August 23, 2025. Dkt. ## 6-2 at 2; 6-10. Plaintiff's attempts to contact Defendant, evidence suggesting that Defendant has forfeited its corporate status, and the risk of immediate harm justify the issuance of a TRO without notice. *See Dongguan Zhouda Tech. Co. v. Dai*, 2025 WL 1726475, at *11 (W.D. Wash. June 19, 2025) (issuing a TRO without notice in a similar case).

B.  Non-Party Conduct

In its proposed order, Plaintiff asks the Court to require Amazon to "relist and reactivate Plaintiff's product listing" for the TYKOR cup holder and to "not remove or deactivate the listing in response to any further complaint against Plaintiff submitted by Defendant based on the

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 3

['229 Patent]." Dkt. # 6-1 at 2.  But Amazon is not a party here.  "For an injunction to bind a non-party, the movant must show that (1) the non-party has actual notice of the enjoined conduct and (2) either aided and abetted the enjoined party in the unlawful conduct or that the non-party is 'legally identified' with the enjoined party." *Dai*, 2025 WL 1726475, at *2 (quoting *Patagonia, Inc. v. Frances Agnew DBA Fran Calista*, 2025 WL 1617182, at *11 (C.D. Cal. June 5, 2025)).  Although Plaintiff says that it filed an unsuccessful appeal of the patent infringement complaint with Amazon, it does not show that it provided Amazon with notice of this case.  And Plaintiff does not assert in its motion that Amazon "is legally identified with Defendant or aided and abetted Defendant in the allegedly unlawful conduct." *Id.* at *3.  Thus, the Court denies Plaintiff's motion as to its request for a temporary restraining order against Amazon.

C.      Likelihood of Success on the Merits

Plaintiff is likely to succeed in its claim that the '229 Patent is invalid as anticipated under 35 U.S.C. § 102(a)(1).[1]  "Patent claims are invalid as anticipated if 'the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.'" *Dai*, 2025 WL 1726475, at *4 (quoting 35 U.S.C. § 102(a)(1)).  Plaintiff says that a product branded as "Seven Sparta" (it is unclear whether the product is affiliated with Defendant Seven Sparta Corp.) was on sale on Amazon at least as early as March 13, 2019 before the '229 Patent was filed on July 13, 2020.  *See* Dkt. # 6 at 6–8 (citing Dkt. ## 6-5; 6-6).  Applying the ordinary observer test under the lower

---

[1] Because the Court concludes that a TRO is warranted based on Plaintiff's patent invalidity claim, it need not reach its claim that neither the earlier nor later versions of the TYKOR cup holder infringes the '229 Patent.  The Court also cannot fully assess this claim because to apply the ordinary observer test, the Court must evaluate differences "in the context of the claimed design as a whole, and not in the context of separate elements in isolation." *Over Active Imaginations Inc. v. Amazon.com Inc.*, 737 F. Supp. 3d 1094, 1098 (W.D. Wash. 2024) (quoting *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015)).  Although Plaintiff includes perspective and front views of the later version, it only includes a perspective view of the earlier version.  *See* Dkt. # 6 at 11–14.

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 4

level of proof required at the injunction stage, *see Dai*, 2025 WL 1726475, at *3–4 (setting forth the applicable legal standards), the Court concludes that the images comparing the "Seven Sparta" product with the '229 Patent from three different views show that Plaintiff can likely succeed in its claim that the '229 Patent is invalid because it was anticipated. *See* Dkt. # 6 at 7.

D.    Irreparable Harm

In *Dai*, the court determined that the plaintiffs showed irreparable harm because (1) the inability to sell their products on Amazon would likely result in their going out of business; (2) the inability to sell their products on Amazon will negatively affect their ranking and product placement; (3) their inventories of tumbler cup lids were scheduled to be imminently destroyed; and (4) the defendant was based in China and had no domestic presence in the United States, making it difficult to recover monetary damages. 2025 WL 1726475, at *8–9. Plaintiff similarly asserts that (1) it primarily sells products on the U.S. Amazon marketplace and that the TYKOR cup holder accounts for more than 50% of Plaintiff's total sales volume and profit; (2) the delisting of the TYKOR cup holder caused the product's Amazon rankings to drop; (3) its inventory of TYKOR cup holders, worth about $120,000, is scheduled for destruction on August 23, 2025; and (4) Defendant appears to have forfeited its corporate status such that Plaintiff may be unable to recover damages even if it prevails on the merits. Dkt. # 6 at 15–17 (citing Dkt. ## 6-2 at 2–3; 6-10); *see supra* Section III.A.

Thus, Plaintiff shows that absent a TRO, it will suffer irreparable harm. And because Plaintiff makes such a strong showing of irreparable harm, "this showing offsets any weakness in Plaintiff['s] showing of [its] likelihood of success on the merits" under the sliding scale approach. *See Dai*, 2025 WL 1726475, at *8–9.

E.    Balance of the Equities and Public Interest

The balance of the equities tips in favor of Plaintiff and granting a TRO is in the public interest. The balance of the equities tips in favor of Plaintiff because it faces imminent destruction of its inventory and loss of sales. *Id.* at *9–10. Defendant, on the other hand, faces infringing sales, which it can remedy through damages if the '229 Patent is valid. *Id.* And granting a TRO is in the public interest because "the public interest favors preventing a competitor from using a seemingly innocuous intellectual property rights-protection notice to effectively shut down a competitor's business." *Id.* at *10 (quoting *Medcursor Inc. v. Shenzen KLM Internet Trading Co.*, 543 F. Supp. 3d 866, 880 (C.D. Cal. 2021)).

# IV
## Conclusion

For these reasons, the Court DENIES Plaintiff's motion in part as to its request for relief against Amazon. The Court GRANTS Plaintiff's motion in part and ORDERS:

- Defendant SEVEN SPARTA CORP., its officers, agents, employees, and all persons acting in concert or participation with it, are temporarily restrained from submitting any further complaints to Amazon or any other third-party platform alleging that Plaintiff's product infringes the '229 Patent;
- Defendant is ORDERED to retract its patent infringement complaints based on the '229 Patent on the Amazon.com platform, including Complaint ID 17972726021, by no later than **24 hours** from the date of this Order;
- Plaintiff shall serve a copy of this Order on Defendant by email and file proof thereof with the Court within **three days** of the date of this Order;

IT IS FURTHER ORDERED:

- The motion for temporary restraining order is converted to a motion for preliminary injunction;
- Defendant shall file a response to Plaintiff's Motion for Preliminary Injunction by no later than **July 29, 2025, at 5:00 p.m.**, and Plaintiff may file a reply by no later than **August 1, 2025, at 5:00 p.m.**;
- The matter of any bond shall be reserved until the hearing on the motion for preliminary injunction;
- This TRO will expire on the date set below for hearing on the motion for preliminary injunction, unless extended for good cause; and

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 6

- The Court shall hold a hearing on Plaintiff's Motion for Preliminary Injunction on **August 4, 2025, at 2:00 p.m.**, at which time Defendant will be asked to show cause why a preliminary injunction should not issue.

Dated this 22nd day of July, 2025.

*John H. Chun*

John H. Chun
United States District Judge

ORDER GRANTING IN PART AND DENYING IN
PART PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 7